# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Kenneth Polley, #307951, | ) |
|               Plaintiff, | ) Civil Action No.: 4:18-cv-03464-JMC |
| v. | ) **ORDER AND OPINION** |
| Chuck Wright, Major Freeman, Captain Hayes, and John and Jane Does, | ) |
|               Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), filed on February 6, 2019, recommending that Plaintiff Kenneth Polley's Complaint (ECF No. 1) be dismissed. (ECF No. 13.) Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Chuck Wright, Major Freeman, Captain Hayes, and John and Jane Does (collectively, "Defendants") violated his constitutional rights. (ECF No. 1.) The Report recommends that the court dismiss the Complaint with prejudice. (ECF No. 13.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 13), incorporating it herein, and **DISMISSES** the Complaint (ECF No. 1) with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon a careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (ECF No. 13.) The court will only recite facts pertinent to the analysis of Plaintiff's Objections. (ECF No. 16.)

Plaintiff is currently a pre-trial detainee at the Spartanburg County Detention Center, where he has been since May 25, 2018. (ECF No. 1.) Plaintiff filed his Complaint on December 12,

2018, alleging a violation of his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1) On January 25, 2019, Plaintiff amended his Complaint. (ECF No. 8.) On February 6, 2019, the Magistrate Judge issued his Report recommending the court dismiss Plaintiff's Amended Complaint with prejudice. (ECF No. 13.) In this Report, the Magistrate Judge addressed Plaintiff's Amended Complaint and determined that Plaintiff still failed to allege facts supporting his claim of constitutional violations. (*Id.* at 4.) Plaintiff timely filed his Objections on February 20, 2019. (ECF No. 16.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Under 28 U.S.C. § 1915, this court must dismiss civil actions filed *in forma pauperis* if they are frivolous or fail to state a claim upon which relief can be granted. The responsibility to make a final determination remains with this court. *See Mathews,* 423 U.S. at 270-71. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommendation, or recommit the matter with instructions. 28 U.S.C. §630(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. FED. R. CIV. P. 72(b). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, failure to timely file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of a district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). If a plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required. *Diamond*, 416 F.3d at 315.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### III. DISCUSSION

While Plaintiff's Objections provide additional facts in support of his Amended Complaint, Plaintiff's claim still fails to rise to the level of a constitutional violation under 28 U.S.C. § 1983. *See Rizzo v. Good*, 423 U.S. 362, 371-72 (1976). Under § 1983, a plaintiff must show that he suffered a specific injury resulting from a defendant's conduct and must show an affirmative link between the injury and that conduct. (ECF No. 13 at 3 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976).) Plaintiff failed to allege an injury caused by specific conduct, in either his Amended Complaint (ECF No. 8), or his Objections (ECF No. 16).[1] Moreover, Plaintiff's Objections make no reference to the pleading insufficiencies in the

---

[1] In his Objections, Plaintiff states as to his overcrowding claim that he "ha[s] ma[j]or Anti-social issues and Anxiety issues due to [his] mother's house get[t]ing shot up with a AK-47, 50 some rounds." (ECF No. 16 at 1.) Additionally, Plaintiff alleges as to the condition of the showers: "There have been times I never get to take a shower due to overcrowding and malfunctioning showers. Also there have been outbreaks of staph infection also insects…and the detainee

3

Report at all. (*See* ECF No. 22.) As such, Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Because Plaintiff failed to properly object to the Report with specificity, the court need not conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Report (ECF

---

work[ers] [do] not properly clean showers. All the above defendants are in control of Jail and I have sent many requests for help on above issues." (*Id.* at 1-2.) Further, Plaintiff contends as to the conditions of the food: "There is a[n] outbreak of mold in vents and almost all vent[s] [are] covered with it. Also the food is molded many of the times and some times it is rotten… we also find bugs in food!" (*Id.* at 2.) These facts do not state a constitutional claim for relief under § 1983. Overcrowding, while unpleasant, does not reach a constitutional magnitude of cruel and unusual punishment. *See Crowe v. Leeke*, 540 F.2d 740 (4th Cir. 1976). To prevail, a plaintiff must prove that the overcrowding combined with other substandard conditions of confinement "have a mutually enforcing effect that produce[d] the deprivation of a single, identifiable human need such as food, warmth, or exercise…" or that the overcrowding created an unsubstantial risk of serious damage to his health, and that the defendants deliberately disregarded the risk. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). *See also Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). Not every inconvenience encountered rises to the level of "punishment" from a constitutional standpoint. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). As to the showers, the Fourth Circuit has held that bathing opportunities may be severely reduced or curtailed without violating Eighth Amendment rights. *See, e.g.*, *Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir. 1995) (three days without a shower was not a constitutional violation); *Blackburn v. South Carolina*, No. 0:06-2011-PMD-BM, 2009 WL 632542, at *17 (D.S.C. Mar. 10, 2009) (ten days without a shower was not a constitutional violation). In regard to the mold in the vents, Plaintiff has not provided any evidence of illness from the mold and thus has shown no injury for which relief can be granted. *See, e.g.*, *Rouse v. Clarey*, No. 4:14-cv-00726-JMC, 2015 WL 3903722 (D.S.C. June 25, 2015) (no constitutional violation where a defendant alleges black mold in the facility but claims no injury); *Green v. Gusman*, No. 15-1738, 2016 WL 3033541 (E.D. La. May 6, 2016) (presence of mold in a prison setting is not a constitutitional violation where there is no injury associated with it).

No. 13), incorporating it herein, and **DISMISSES** the Amended Complaint (ECF No. 8), with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 22, 2019
Columbia, South Carolina